[Civ. No. 33579. Second Dist., Div. Four. Dec. 13, 1968.]

J. J. SCHAEFER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; AQUASERV ENGINEERS, INC. et al., Real Parties in Interest.

Weaver, Radzik, Elias & Stricklen and Joseph C. Radzik for Petitioners.

John D. Maharg, County Counsel, and Jean Louise Webster, Deputy County Counsel, for Respondent.

Fulwider, Patton, Rieber, Lee & Utecht and I. Morley Drucker for Real Parties in Interest.

FILES, P. J.—This proceeding was originated in this court to review a judgment made July 18, 1968, holding petitioners in contempt upon a finding that they had violated a judgment of the superior court entered September 11, 1967. The order which petitioners are charged with violating had been entered pursuant to an agreement whereby the parties had settled a civil action wherein petitioners had been plaintiffs, and real parties in interest here had been defendants.

The contempt proceeding arose out of a charge that petitioners had committed 130 separate violations of the 1967 judgment. After hearing evidence the court found petitioners not guilty of all charges except one. The violation, as found by the court, was that petitioner J. J. Schaefer had "called on said Wilshire Metro Medical Building."

The judgment of September 11, 1967, recites that the parties had entered into an agreement as to certain matters pertaining to treatment of customer lists and trade secrets, which agreement was identified as Exhibit AA and placed in a sealed envelope attached to the judgment. The judgment provides that "By stipulation between the parties, the complaint of the plaintiff herein is dismissed with prejudice and the counterclaim of the defendants is dismissed with prejudice, each side to bear its own costs and attorney's fees."

Except for the recitals described above, the only language in the judgment referring to the contract is this:

"2. Exhibit AA and attachments thereto form part of the Judgment in this case."

Nowhere is there any order of the court directing either party to perform whatever he promised to do in that contract.

For the purpose of this proceeding we assume that the contract was a lawful one and that petitioners breached it by doing the act mentioned in the contempt judgment. We do not reach the question whether the court had jurisdiction to lend the use of its contempt powers to the parties by ordering the performance of their new agreement from its inception. The judgment of contempt in this instance must be annulled because there never was any command by the court to the petitioners to perform the contract,

The agreement was purely private in nature, unlike a settlement of a divorce case which deals with matters which the court has a duty to control. This agreement provided among other things that Schaefer would refrain from calling upon or accepting business from certain customers until July 15, 1970, and that neither party would in the future do certain other specified acts. The document was not framed as a remedy for past wrongs, but as a treaty for future accommodation between erstwhile competitors.

Real parties have produced a reporter's transcript of a colloquy between the court and counsel at the time the court was told that the civil action was being settled. At that time the court recommended that the parties work out a judgment which would be enforceable by contempt. That suggestion was not carried out in the judgment which the court signed. Under the circumstances no such order is implied from the mere incorporation of the agreement.

It is immaterial also that the contract may have been merged in the judgment, within the meaning of such decisions as *Flynn* v. *Flynn* (1954) 42 Cal.2d 55 [265 P.2d 865] and *Foust* v. *Foust* (1956) 47 Cal.2d 121 [302 P.2d 11]. Not every contract and not every judgment is enforceable by contempt.

Even in a domestic relations case, where the state has an interest over and beyond the private interests of the parties, it has been said that a declaration that a contract is "a part of the judgment" is not an order enforceable by contempt. (*Shogren* v. *Superior Court* (1949) 93 Cal.App.2d 356 [209 P.2d 108]; see *Plummer* v. *Superior Court* (1942) 20 Cal.2d 158, 163 [124 P.2d 5].)

The order adjudging petitioners in contempt is annulled.

Jefferson, J., and Wapner, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.